UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINICIO CHRISTIAN COMPOVERDE QUITO,<br><br>      Petitioner,<br><br>  v.<br><br>OSCAR AVILES,<br><br>      Respondents | Civil Action No. 15-6269 (SDW)<br><br><br>OPINION |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Vinicio Christian Campoverde Quito, pursuant to 28 U.S.C. § 2241. (ECF No. 1). At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

**I.  BACKGROUND**

Petitioner is a citizen of Ecuador who became a permanent resident of the United States in October 1994. (ECF No. 1 at 3). On November 7, 2011, a judgment of conviction was entered against Petitioner in the Supreme Court of New York, County of Queens, for criminal possession of a controlled substance (cocaine) in the fourth degree. (*Id.* at 5). Petitioner was sentenced to six months' imprisonment and five years' probation for this offense. (*Id.*). This conviction rendered Petitioner removable. (*Id.* at 5).

On March 30, 2015, Petitioner was taken into custody and placed into immigration detention pending removal proceedings. (*See* Document 1 attached to ECF No. 1). Petitioner has remained in custody since that time. (ECF No. 1 at 5-6). Petitioner therefore has been in detention for approximately five months. Petitioner is scheduled to appear before an immigration judge for removal hearings on September 23, 2015. (*Id.* at 6).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

Although Petitioner pleads his claim as three causes of action in his petition, ultimately he brings a single claim for relief: that he has been detained for longer than a reasonable period of time without a bond hearing under 8 U.S.C. § 1226(c) in violation of *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011). In *Diop*, the Third Circuit held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. Determining whether a period of detention is reasonable under the circumstances is a fact-dependent inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. In this context, reasonableness is "a function of whether [the period of detention] is necessary to fulfill the purpose of the statute." *Id.*

In *Demore v. Kim*, 538 U.S. 510, 530 (2003), the Supreme Court observed that detention under §1226(c) "lasts roughly a month and a half in the vast majority of cases . . . and about five months in the minority of cases." In *Demore*, the Court held that where an alien is detained for six months, including a period of time arising out of a continuance requested by the petitioner, that alien's detention was not an unconstitutional restraint on the petitioner's liberty. *Id.* at 530-31. The Third Circuit has thus observed that where detention exceeds the period specified in *Demore*, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 234.

The Third Circuit has recently clarified what amounts to a reasonable period of detention under § 1226(c) in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (2015). In that case, the Third Circuit determined that "beginning sometime after the six-month timeframe

considered by *Demore*, and certainly by the time [a petitioner] ha[s] been detained for one year, the burdens to [the petitioner's] liberty outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.  Thus, while there is no bright line rule as to when a period of detention becomes unreasonable under the circumstances, *see id.* at 474 n. 7, it is clear that this does not occur until some time after six months have passed.  *Id.* at 478.

Here, Petitioner has been detained by immigration officials for approximately five months.  As Petitioner has not yet been detained for the six month period found reasonable in *Demore* and reiterated by *Chavez-Alvarez*, this petition is therefore premature.  *Id.*  As such, this Court will dismiss this petition without prejudice to the filing of a subsequent petition in the event that Petitioner's detention does exceed a reasonable period of time.

### III. CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice to the filing of a subsequent petition in the event that the length of Petitioner's detention becomes unreasonable.  An appropriate order follows.

   *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton
United States District Judge